UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
RODNEY WILLIAMS,

                      Plaintiff,                **REPORT & RECOMMENDATION**
                                                        **09 CV 2056 (NGG)(LB)**

      - against -

POLICE OFFICER EISENBERG and
BRIAN J. HARRINGTON,

                      Defendants.
-------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      By Order dated July 16, 2009, the Court directed plaintiff to provide his current address by August 17, 2009 or his case would be dismissed. See docket entry 10. Plaintiff has failed to provide the Court with a current address. All mail sent to plaintiff at the only address the Court has for him has been returned. Plaintiff's complaint should therefore be dismissed without prejudice.

## BACKGROUND

      On May 8, 2009, plaintiff filed this action pro se pursuant to 42 U.S.C. §1983. See docket entry 1. Plaintiff's complaint lists his address as: 15-15 Hazen Street, the George Motchan Detention Center, on Rikers Island. Id. On June 8, 2009, the Court's Order dismissing plaintiff's claims as to the City of New York and granting his application to proceed *in forma pauperis* was returned as undeliverable with the postal notation "Discharged-Return to Sender." See docket entries 4, 6. By letter dated July 7, 2009, Corporation Counsel of the City of New York ("Corporation Counsel") states that the unsealing release mailed to plaintiff on June 17, 2009 and Corporation Counsel's extension request mailed on June 19, 2009 were both returned

1

as undeliverable. See docket entry 9. On October 14, 2009, the Court's Order directing plaintiff to update his address with the Court was returned with the postal notation "RTS." See docket entries 10, 12.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), [i]f a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or *other pretrial order*" (emphasis supplied). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part.") The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (dismissing pro se plaintiff's case for failing to comply with the Court's orders).

Plaintiff was warned by the Court's July 16, 2009 Order that I would recommend that his action should be dismissed if he failed to provide a current address. See docket entry 10. That Order was sent to plaintiff at his last-known address, the address he listed on his complaint. See docket entry 1. The Order was returned as undeliverable. See docket entry 12. It is plaintiff's responsibility to keep the Court informed of his current address. Roundtree v. Health and Hospitals Police Dept., No 06 Civ. 212 (SAS), 2007 WL 1428428, at *1 (S.D.N.Y. May 14,

2

2007) (citing Hibbert v. Apfel, No. 99 Civ. 4246, 2000 WL 977683 (S.D.N.Y. July 17, 2000)); see also Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. November 20, 1996) (explaining that the duty to inform the court and defendant of a current address is "an obligation that rests with all pro se plaintiffs"). When a pro se litigant fails to provide the Court with notice of a change of address and misses an important deadline as a result of this failure, the Court may deny that litigant relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a pro se plaintiff's claim when the plaintiff failed to inform the court of his current address, causing the court to lose contact with him for two months).

Plaintiff has not contacted the Court or Corporation Counsel to provide a current address, or given any indication that he intends to pursue this action since he filed his complaint on May 8, 2009. Plaintiff has apparently abandoned the action. I therefore recommend that plaintiff's action should be dismissed.

## CONCLUSION

Accordingly, it is recommended that plaintiff's action should be dismissed without prejudice.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: October 19, 2009
Brooklyn, New York